**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-cr-00149-JDL |
| | ) | |
| ERIC MERCADO | ) | |
| STEPHEN HARDY | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

The Government respectfully submits this memorandum of law in opposition to

Defendants Eric Mercado and Stephen Hardy's motions to dismiss the §924(c) counts[1] of the

Indictment. For the reasons set forth below, Defendants' motions should be denied without a

hearing.

## Background

On November 7, 2019, a federal grand jury returned a 4 count Superseding Indictment

against Defendants Mercado and Hardy and one other individual.  The Superseding Indictment

alleges in Count One that between May 10, 2019 and May 11, 2019, Defendants Mercado and

Hardy conspired with each other and other persons to commit a Hobbs Act robbery.  Defendants

Mercado and Hardy are charged in Count Two with committing a Hobbs Act robbery on May

11, 2019.  In Count Three, Defendant Mercado is charged with discharging a firearm during the

Hobbs Act robbery.  In Count Four, Defendant Hardy is charged with discharging a firearm

during the Hobbs Act robbery.

---

[1] Stephen Hardy joined in Defendant Mercado's Motion to Dismiss which seeks dismissal of Count Three.
Defendant Hardy is not charged in Count III but is charged with same offense in Count IV which is the count
Defendant Hardy seeks to dismiss.

## ARGUMENT

### The Court Should Deny Defendants Motions to Dismiss Because a Hobbs Act Robbery is a Crime of Violence Under §924(c)(3)(A)

18 U.S.C. § 924(c)(3) contains two definitions of a crime of violence. Under § 924(c)(3)(A), commonly referred to as the "elements clause", a crime of violence is a felony that "has an element the use, attempted use, or threatened use of physical force against the person or property of another." Under § 924(c)(3)(B), commonly referred to as the "residual clause," a crime of violence is a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court struck down the residual clause definition of a crime of violence because the residual clause was unconstitutionally vague. The ruling in Davis was limited to the constitutionality of the residual clause (§924(c)(3)(B)– that ruling did not relate to the elements clause (§924(c)(3)(A) of the definition of crime of violence. Accordingly, these defendants can be convicted for the offenses alleged in Counts Three and Four because a Hobbs Act robbery is a crime of violence under the elements clause.

In United States v. Garcia-Ortiz, 904 F.3d 102 (1st Cir. 2018), the First Circuit held that the Hobbs Act definition of robbery describes a crime of violence under §924(c)(3)(A). The First Circuit stated that "because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a "crime of violence" under section 924(c)'s force clause[2]." Id. at 109. The Second, Third, Fifth, Eighth, Ninth, and Eleventh Circuits have

---

[2] In United States v. Garcia-Ortiz, the First Circuit refers to §924(c)(3)(A) as the "force clause" rather than the "elements clause".

reached the same conclusion that a Hobbs Act robbery is a crime of violence under

§924(c)(3)(A).[3]

The ruling that a Hobbs Act robbery categorically is a crime of violence under

§924(c)(3)(A) remains the law in the First Circuit, even after the ruling in <u>Davis</u>.  In <u>Garcia-</u>

<u>Carrasquillo v. United States</u>, the Court denied petitioner's Motion to Vacate Sentence for a

§924(c) conviction because "First Circuit precedent establishing the Hobbs Act robbery

categorically constitutes a 'crime of violence' under the force clause" of §924(c).  <u>Garcia-</u>

<u>Carrasquillo v. United States</u>, 2019 WL 6002105 (D.P.R. November 13, 2019).

In <u>Reeves v. United States</u>, defendant filed a §2255 motion to vacate his sentence

alleging that a "Hobbs Act Robbery is not a categorical crime of violence."  <u>Reeves v. United</u>

<u>States</u>, 2019 WL 231766 (D. Me. 2019).  The petition was referred to the Magistrate Judge who

concluded that in light of the decision in <u>United States v. Garcia-Ortiz</u>, a "Hobbs Act robbery is

considered a crime of violence under section 924(c)(3)(A)".  <u>Id.</u>  The District Court affirmed the

Magistrate Judge's recommended decision.  In the District Court's affirming opinion, the Court

noted that <u>Davis</u> (which was then pending) concerned the constitutionality of §924(c)(3)(B) and

not §924(c)(3)(A).  <u>Id.</u> The District Court also rejected the Defendant's claim that there was a

circuit split as to the constitutionality of the force clause. <u>Id.</u>

In clear contrast to the holding in <u>Garcia-Ortiz</u>, and the lower First Circuit cases adopting

the precedent of <u>Garcia-Ortiz</u>, Defendants fail to cite any precedent in the First Circuit or

elsewhere that supports their contention that a Hobbs Act robbery cannot be a predicate crime of

---

[3] <u>United States v. Hill</u>, 890 F.3d 51, 54 (2nd Cir. 2018); <u>United States v. Robinson</u>, 844 F.3d 137, 140-41 (3rd Cir. 2016); <u>United States v. Buck</u>, 847 F.3d 267 (5th Cir. 2017); <u>United States v. House</u>, 825 F.3d 381, 387 (8th Cir. 2016); <u>United States v. Howard</u>, 650 Fed. Appx. 466, 468 (9th Cir. 2016); <u>In re Fleaur</u>, 824 F.3d 1337, 1341 (11th Cir. 2016).

violence under §924(c)(3)(A).   Nor do Defendants cite any precedent to call into question the constitutionality of the elements clause of §924(c)(3)(A).

## **<u>CONCLUSION</u>**

For the above-stated reasons, the Government respectfully requests that Defendants motions be denied without a hearing.


Dated in Portland, Maine this 4th day of December, 2019.

<div style="margin-left: 40%;">

Respectfully submitted,

HALSEY B. FRANK
United States Attorney

*<u>/s/Daniel J. Perry</u>*
Daniel J. Perry
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257

</div>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2019, I electronically filed Government's Response to Defendants' Motions To Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

All counsel of record

HALSEY B. FRANK
United States Attorney

/s/ Daniel J. Perry
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257