**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:19-cr-00149-JDL |
| | ) | |
| ERIC MERCADO, et al. | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

Count Three of the Superseding Indictment (ECF No. 62) alleges that Defendant Eric Mercado violated 18 U.S.C. § 924(c)(1)(A), which prohibits using or carrying a firearm during and in relation to a crime of violence, when he "did knowingly discharge, carry and use a firearm . . . during and in relation to the Hobbs Act Robbery alleged in Count Two." Count Four alleges the same against Defendant Steven Hardy. Mercado moves to dismiss Count Three (ECF No. 72), arguing that Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c) as a matter of law. Hardy joins Mercado's motion (ECF No. 73), effectively moving for dismissal of Count Four on the same grounds.

In *United States v. García-Ortiz*, 904 F.3d 102 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1208 (2019), the First Circuit held that "Hobbs Act robbery categorically constitutes a 'crime of violence'" under 18 U.S.C. § 924(c)(3)(A). *Id.* at 109. Because the rule of *stare decisis* dictates that "a legal decision rendered by a court will be followed by all courts inferior to it in the legal system," *Igartúa v. United States*, 626 F.3d 592, 603 (1st Cir. 2010) (quoting *United States v. Rodriguez-Pacheco*, 475 F.3d

434, 441 (1st Cir. 2007)), I follow the First Circuit's holding in *García-Ortiz* and conclude that the motion is without merit. Accordingly, it is **ORDERED** that Mercado's motion (ECF No. 72), joined by Hardy (ECF No. 73), is **DENIED**.

**SO ORDERED.**

Dated: January 3, 2020

                                                  /s/ JON D. LEVY
                                   **CHIEF U.S. DISTRICT JUDGE**