UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim No. 19-cr-149-JDL |
| | ) | |
| ERIC MERCADO | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM ON ROLE ENHANCEMENT**

NOW COMES the United States of America, by and through counsel, Halsey B. Frank, United States Attorney for the District of Maine, and Daniel J. Perry, Assistant United States Attorney, and hereby submits the following sentencing memorandum on the issue of a Section 3B1.1 role enhancement. For the reasons outlined below, the Government contends the Presentence Report correctly applied a four level enhancement for this defendant's leadership role in the criminal activity.

## ANALYSIS

Section 3B1.1 of the guidelines provides:

> Based on the defendant's role in the offense, increase the offense level as follows:
>
> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by **4** levels.
>
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by **3** levels.
>
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by **2** levels.

U.S. Sentencing Guidelines Manual §3B1.1.

Comment Four to §3B1.1 sets forth numerous factors the court should consider. These factors include:

- the exercise of decision making authority;
- the nature of participation in the commission of the offense;
- the recruitment of accomplices;
- the claimed right to a larger share of the fruits of the crime;
- the degree of participation in planning or organizing the offense;
- the nature and scope of the illegal activity; and
- the degree of control and authority exercised over others.

Comment Four also notes that "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."

*Id.* cmt. n.4.

In United States v. Arbour, 559 F.3d 50 (1st Cir. 2009), the First Circuit observed that "[i]n order to invoke §3B1.1(a), a district court must make a finding as to scope-that the criminal activity involved five or more participants or was otherwise extensive-and a finding as to status-that the defendant acted as an organizer and leader of the criminal activity." Id. at 53 (footnote and citation omitted).

**Scope of Criminal Activity**

In the present case, the criminal activity involved five or more participants who conducted a pre-planned violent home invasion that involved a ruse to gain access to the house. Nathan Rivera and Eric Mercado were the leaders of this criminal offense. The criminal activity also involved Steven Hardy, the two women in the hot tub, the female who was the driver to/from the home invasion, and the male who procured the firearms that were used in the crime.

**Mercado's Status in the Criminal Activity**

The facts show that Mercado was involved and responsible for all aspects of the crime except identifying the target of the robbery. Nathan Rivera was the person familiar with the victim but all the participants except Rivera were Mercado's associates, not Rivera. The women who went to the house as part of the ruse to get in the house were Mercado's girlfriend/wife and her work associate. Hardy was Mercado's friend. The person who supplied the firearms was

Mercado's friend. Prior to the robbery, Mercado and Hardy were staying at that person's apartment in Lowell and that apartment was used by Mercado, Hardy, and Rivera to prepare for the robbery. At this apartment, Mercado directed the owner of the apartment to retrieve the previously stolen firearms which were later used by Mercado and Hardy during the failed robbery. At this location, Mercado also recruited the driver who drove Mercado and Hardy to the home invasion. After the robbery, Mercado demanded this driver to come get them

Mercado and Rivera planned this robbery and text messages between Rivera and Mercado in the days leading to the robbery reveal that they planned the robbery. Mercado's role in planning the robbery is apparent in a text Mercado sent Rivera prior to the robbery, in which Mercado stated "I got everything planned just need to go over EVERYHTJB with you."

Mercado's leadership role is evident in how the robbery was executed. Immediately prior to entering the house, Rivera (inside the house) was communicating solely with Mercado who was outside the house with Hardy. Upon entry, Mercado and Hardy both brandished firearms but it was Mercado who took charge in interacting with the victim and ordering the victim out of the hot tub. The video shows Mercado was the one controlling the scene during the commission of the offense. Lastly, Mercado's leadership role is reflected in the fact that the proceeds from the robbery were to have been shared equally amongst Rivera, Mercado, and Hardy.

## **CONCLUSION**

Defendant was a leader/organizer of a home invasion crew that involved at least seven individuals – the five persons present during the robbery as well as the driver and the person who obtained the firearms used in the robbery. The evidence shows that Defendant planned the robbery, recruited accomplices, coordinated the procurement of the firearms used in the robbery, recruited the driver and took the lead in executing the robbery. Defendant also was supposed to receive 1/3 of the proceeds of the robbery.

3

The scope of the criminal activity, and defendant's status in that criminal activity, warrant a four point enhancement under 3B1.1 (a).

                                                HALSEY B. FRANK
                                                UNITED STATES ATTORNEY

                                                */s/ Daniel J. Perry*
                                                Daniel J. Perry
                                                Assistant United States Attorney
                                                U.S. Attorney's Office
                                                100 Middle Str., East Tower, 6th Flr.
                                                Portland, ME  04101
                                                (207) 780-3257
                                                dan.perry@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will provide electronic notice of such filing to all attorneys of record.

                                        */s/ Daniel J. Perry*
                                        Daniel J. Perry
                                        Assistant United States Attorney